Dr. Calvin M. Frazier Commissioner Colorado Department of Education 201 East Colfax Ave. Denver, CO 80203
Dear Dr. Frazier:
This opinion letter is in response to your December 17, 1981 letter, in which you inquired as to the residency status for educational purposes of the children of military personnel and whether or not school districts can charge tuition for nonresident military dependents to attend school in the district.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Can Colorado public school districts charge tuition for children of military personnel assigned to installations in Colorado?
2. Are such children considered to be legal residents of the state for purposes of receiving educational services?
 Although school districts are free to charge tuition to nonresident children attending public schools within the school district, children living within the school district with their parents must be considered residents for tuition purposes, regardless of the domicile of their parents.
ANALYSIS
1. Article IX, section 2 of the Colorado Constitution states in part:
Section 2. Establishment and maintenance of public schools.
 The general assembly shall, as soon as practicable, provide for the establishment and maintenance of a thorough and uniform system of free public schools throughout the state, wherein all residents of the state, between the ages of six and twenty-one years may be educated gratuitously.
Thus, it is clear that the obligation of the state is limited to providing a free public education to residents of the state between the ages of six through twenty-one. There is no prohibition against charging tuition to nonresidents.
Implementing this constitutional provision, the legislature has dealt with the issue of tuition charges for certain classes of nonresidents. The issue then becomes whether or not the legislation authorizes school districts to charge tuition for military dependents. C.R.S. 1973, 22-33-103 states "Tuition may be charged for a pupil not a resident of the school district in which he attends school . . . ." Additionally, C.R.S. 1973,22-1-102(1) provides in part that:
 the board of education shall have the power to admit adults and children not residing in the district if it sees fit to do so and to fix the terms of such admission.
(Emphasis added.) One of the terms of admission may be the payment of tuition. See Cline v. Knight, 111 Colo. 8,137 P.2d 680 (1943). Therefore, school districts are authorized to charge tuition to nonresidents as a term of admission to their schools.
2. Since school districts can charge tuition to nonresident students attending their schools, the question remains whether children of military personnel are "residents" of the school district in which they live. C.R.S. 1973, 22-1-102 in relevant part defines residence:
 22-1-102. Residence of child. (1) Every public school shall be open for the admission of all children, between the ages of six and twenty-one years, residing in that district without the payment of tuition. The board of education shall have power to admit adults and children not residing in the district if it sees fit to do so and to fix the terms of such admission.
 (2) A child shall be deemed to reside in a school district if:
 (a) Both his parents, or the survivor of them, or the one of them to whom custody of such child has been awarded by any court of competent jurisdiction resides in the school district;
. . . .
 (g) Regardless of the residence of the parents, if any, the child adopts a dwelling place within the district with the intent to remain there indefinitely and with the intent not to return to the dwelling place from which he came, and regularly eats or sleeps there, or both, during the entire school year as defined in section 22-1-112; but the child shall be deemed not to have the requisite intent if he regularly returns to another dwelling place during summer vacations or weekends.
(Emphasis added.)
Under this statute, if the parent is a domiciliary of Colorado (i.e., if the parent intends to make the school district his permanent home indefinitely), the child must be considered a resident of the school district for tuition purposes. The more difficult question is whether children of parents who are domiciliaries outside the school district are "residents" of the school district in which they live. I conclude that as defined in C.R.S. 1973, 22-1-102 they are residents for school purposes, and, therefore, are entitled to attend local public schools without paying tuition.
Two sections of C.R.S. 1973, 22-1-102 lead me to this conclusion. Section 2(a) provides that the child shall be considered a resident of the school district if his parents "reside" there. Section 2(a) does not refer to the parents' intent to permanently reside in the district, nor does it refer to the parents' intent at all. This stands in marked contrast to section 2(g) which provides that if "the child adopts a dwelling place within the district with the intent to remain thereindefinitely . . ." he shall be considered a resident. In instances in which the legislature wanted "intent to remain indefinitely" (domicile) to be a requirement for residency, it stated that requirement specifically. Therefore, one can only conclude that by omitting the requirement from section 2(a), the legislature did not intend domicile to be a requirement for residency under 2(a). This being the case, so long as the child actually lives with his parents within the school district, he must be considered a resident of the school district for the purposes of C.R.S. 1973, 22-1-102. I note that this construction of subsection 2(a) is consistent with other subsections of the statute which use broader terms than domicile. See section 2(c), "he lives within the school district"; section 2(d) "wherein the child lives."
Colorado case law further supports this conclusion. In Clinev. Knight, supra, the leading case in the area, the Colorado Supreme Court noted that both the statute defining residency of school children and the constitutional provision upon which it is based are to be construed liberally and broadly.111 Colo. at 15, 137 P.2d at 684. Further, the court noted that "the purpose of the legislature was not to make education less free; it was to make it more so." 111 Colo. at 14;137 P.2d at 683. Finally, the court noted that for the purpose of establishing a child's residency, the terms "domicile" and "residence" are distinguishable, stating:
 In line with this construction of the statutes, residence entitling an infant to school privileges is distinguished from domicil, or the technical and narrow use of the term "residence," for the purpose of suffrage or other like purposes, and it is to be construed in a liberal sense as meaning to live in, or be an inhabitant of, a school district . . . .
111 Colo. at 13, 137 P.2d at 683, quoting 24 R.C.L. 624 (emphasis added). Accord, Hosier v. Evans,314 F. Supp. 316
(D.V. I. 1970). Therefore, it is my conclusion that so long as the children of military personnel live in or are inhabitants of a school district, they are entitled to attend the local public school without payment of tuition.
SUMMARY
Children of military personnel who live in or are inhabitants of a school district are entitled to attend the local public schools without paying tuition.
Very truly yours,
 J.D. MacFARLANE Attorney General
ARMED FORCES EDUCATION SCHOOL DISTRICTS
C.R.S. 1973, 22-1-102
Colo. Const. art. IX, § 2
EDUCATION, DEPT. OF Administration
The Colorado Constitution does not prohibit the charging of tuition to the dependents of nonresident military personnel who wish to attend public school. However, until the legislature speaks to the issue, school districts cannot charge tuition. The present statutes do not give sufficient guidance to a school district to allow that district to make a determination of the residency status of children of nonresident military personnel.